IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL REEVES,
TDCJ #559661,
    Plaintiff,

V.

JOSEPH C. WILLIAMS
    Defendant.

CIVIL ACTION No. 4:15-CV-02170

United States District Court
Southern District of Texas
FILED
APR 22 2016
David J. Bradley, Clerk of Court

## Plaintiff's Rebuttal to Defendant Williams' Answer and Concurrence on Jury Demand

Plaintiff Michael Reeves files his Rebuttal, addressing Defendant Williams answer to this civil action. Pursuant but not limited to Rule 16(a)(4), Federal Rules of Civil Procedure. Plaintiff here will address each answer in the order it was presented.

(1) Defendant Williams' Answer:
"Defendant Williams denies each and every allegation contained in Plaintiff's Complaint."

Plaintiff's Rebuttal:
Defendant Williams will be committing perjury

1

to Deny "Each and every allegation contained in plaintiff's complaint" because there exist undisputable Evidence (TDCJ Disciplinary Report #20150228764) written by ~~plaintiff~~ Defendant Williams admitting that he "placed in hand restraints" plaintiff Reeves and "escorted out of the Gym" plaintiff Reeves. By policy, it is mandatory that a offender in hand restraints and in escort, the escorting officer shall grab the arm and hold it during the escort. It was then that plaintiff Reeves was subjected to an excessive use of force at the hand of Defendant Williams, who acted under color of state law because he (Defendant) carries a badge of authority from the state. (For more info, see... plaintiff's "motion to correct the record" filed with this court). Defendant Williams will be commiting perjury to Deny "each and every allegation" in that in itself.

(2) <u>Defendant Williams' Answer</u>:
"Defendant asserts his entitlement to qualified, official, sovereign, and Eleventh Amendment immunity as they apply."

<u>Plaintiff's Rebuttal</u>:
To be protected by qualified immunity, Defendant Williams had to show either that it was objectively reasonable to believe his actions did not violate the law, or that the law was not clearly established at the time of the violation. See

2

Oliveira v. Mayer, 23 F.3d 642, 648 (2d Cir. 1994)(Remanding based on factual dispute related to whether a reasonable officer could believe that their conduct was lawful). In Defendant Williams' Answer, he failed to show either, therefore he is not protected by qualified immunity. Further, Defendant Williams bundled his alleged "Entitlement of qualified, official, sovereign, and Eleventh Amendment Immunity as they apply" together by the word "and" instead of being separated by the word "or" therefore all of the alleged "Entitlement" fail by Domino Effect. Defendant Williams, a state employee, is being sued in his Individual Capacity for the physical pain and suffering that I (plaintiff) has already endured as a result of the wrongful conduct at the hand of Defendant Williams.

(3) Defendant Williams' Answer:
"Defendant also asserts the affirmative defenses of Statute of limitations and Res Judicata/collateral estoppel."

Plaintiff's Rebuttal:
Plaintiff's Civil Action No. 4:15-cv-02170 met the Statute of limitations and Res Judicata/collateral estoppel does not apply in this civil action because the claims are first time claims so there is no re-litigation issue at hand, there is no previous cases between the same parties. Defendant William has failed to show previous litigation by way of 42 U.S.C § 1983 on these issues as stated in this action.

(4) Defendant Williams' Answer:
"Defendant states the failure to fully and

3

Timely Exhaust Administrative Remedies is a bar to a plaintiff filing suit in the Federal Court pursuant to 42 U.S.C. Section 1997 E(e)."

### Plaintiff's Rebuttal:

Plaintiff Reeves did in fact exhaust (use) all administrative procedures available to him before bringing this action. This is because, under the PLRA, I had to exhaust all administrative remedies such as the "prisoner grievance procedures." Plaintiff Reeves sent the Step 2 grievance along with his § 1983 complaint form as proof of exhaustion, and both documents should be in the hands of this court. All remedies were timely exhausted within the administration. Defendant Williams' has failed to show otherwise.

Plaintiff concur with Defendant's demands on a trial by jury.

4/20/2016
Date

Respectfully Submitted,
Michael Reeves
Plaintiff
Pro Se'

### Prayer

Plaintiff asks the court to grant any and all relief in his favor and that he be appointed counsel and defendant be charged with the attorney's fees and not plaintiff.

4

## Declaration

I, Michael Reeves, plaintiff, declare under the penalty of perjury hereby state; to my belief, the foregoing is true and correct.

4-20-2016      *Michael Reeves*
Date                plaintiff pro-se

## Certificate of Service

I, Michael Reeves, plaintiff, hereby declare that a copy of the foregoing was mailed, postage prepaid to:

Briana M. Webb
Assistant Attorney General of TX
P.O. Box 12548
Austin, TX 78711-2548

This 4-20-2016..
* Attorney for Defendant.

*Michael Reeves*
plaintiff pro-se

5

MICHAEL REEVES # 559661
ESTELLE UNIT
264 FM 3478
HUNTSVILLE, TX 77[...]

NORTH HOUSTON TX 77[...]
20 APR 2016 PM 7 L

United States District Court
Southern District of Texas
FILED
APR 22 2016
David J. Bradley, Clerk of Court

CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
POST OFFICE BOX 61010
HOUSTON, TEXAS 77208

7720B101010